# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0309V

|  |  |
|---|---|
| DEANNA ROBITILLE,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: April 22, 2025 |

*Jerome A. Konkel, Samster, Konkel & Safran, S.C., Wauwatosa, WI*, for Petitioner.

*Alec Saxe, U.S. Department of Justice, Washington, DC*, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 22, 2022, Deanna Robitille filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 15, 2020. Petition, ECF No. 1. On January 5, 2024, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 34.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $31,816.64 (representing $27,277.60 in fees plus $4,539.04 in costs). Application for Attorneys' Fees and Costs ("Motion") filed July 8, 2024, ECF No. 39. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 39-1. Respondent filed no response to Petitioner's Motion.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The hourly rates requested for attorneys Jerome Konkel, Ryan Truesdale, and their supporting paralegals through 2024, are reasonable and consistent with our prior determinations and will therefore be adopted herein. The hourly rates requested for attorney Jubaile Abila, however, require adjustment.

Ms. Abila was previously awarded the *lesser* rates of $289 per hour for time billed in 2023 and $305 per hour for time billed in 2024. *See Phoneprasith* v. *Sec'y of Health & Hum. Servs.,* No. 22-79V, Slip Op. 37 (Fed. Cl. Spec. Mstr. July 03, 2024). I find no reason to deviate from such reasoned determination, and hereby reduce Ms. Abila's rates for the 2023-24 timeframe to be consistent with the aforementioned decision. Application of the foregoing reduces the fees requested by **$706.10**.[3]

## ATTORNEY COSTS

Furthermore, Petitioner has requested $4,539.04 in litigation costs, consisting of medical records, shipping costs, the Court's filing fee, and expert costs. ECF No. 39-1. The amount requested in expert costs is comprised of $4,000.00 for medical records review and the preparation of a narrative report by Dr. Asheesh Bedi in this case. ECF No. 39-1 at 13. The original evidence submitted on July 8, 2024, in support of Dr. Bedi's request for reimbursement was incomplete pursuant to the Vaccine Guidelines. The Court allowed a one-time courtesy extension for Petitioner's counsel to supplement this request.

On March 5, 2025, Petitioner's counsel provided the additional evidence consisting of a detailed description of Dr. Bedi's hours expended [9 hours at the hourly rate of $650.00] along with detailed entries of the work performed. ECF No. 40-1. I find the overall amount requested reasonable in light of the work produced in this case. I do not however, endorse Dr. Bedi's hourly rate of $650 for future cases. Rather, I will award the sum requested based on the overall reasonableness of the amount and not on acceptance of the requested hourly rate, which is too high for a Vaccine Program expert. Petitioner's counsel should note that any future requests for costs may result in a curtailed (or denied) award for failure to include the required supporting documentation. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78 (emphasis added).[4]

---

[3] This amount consists of ($340 - $289 = $51 x 10.00 hrs.) + ($358 - $305 = $53 x 3.70 hr.) = $706.10.

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/guidelines-practice-under-national-vaccine-injury-compensation-program

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT in part, Petitioner's Motion for attorney's fees and costs. **I award a total of $31,110.54 (representing $26,571.50 in fees plus $4,539.04 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.